CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOMINIQUE HERMAN ADAMS,<br>     Petitioner, | Civil Action No. 7:16-cv-00445 |
| v. | **MEMORANDUM OPINION** |
| LESLIE J. FLEMING,<br>     Respondent. | By:   Hon. Michael F. Urbanski<br>         United States District Judge |

Dominique Herman Adams, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges three institutional convictions from the Wallens Ridge State Prison which allegedly caused his temporary re-assignment to disciplinary segregation. The court must "focus[] on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Petitioner's claims, even if successful, would not "necessarily spell speedier release" from custody because expunging the disciplinary convictions would not impact the length of his incarceration. Thus, Petitioner's claims do not lie within "the core of habeas corpus" and may be brought, if at all, under § 1983.[1] Id. Accordingly, the court dismisses the petition for a writ of habeas corpus because it is clear that Petitioner is not entitled to habeas relief. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28

---

[1] The court declines to construe the habeas petition as a complaint pursuant to 42 U.S.C. § 1983 because Petitioner presently fails to establish an entitlement to the due process required by Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974). Wolff's protections are triggered when a liberty interest, such as the revocation of time credited toward a sentence, is implicated. No such liberty interest is implicated in the present petition.

U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

**ENTER:** This 29th day of September, 2016.

/s/ Michael F. Urbanski
United States District Judge