CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 17, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **DOMINIQUE HERMAN ADAMS,** | ) | |
| **Petitioner,** | ) | **Case No. 7:16-cv-00445** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LESLIE J. FLEMING,** | ) | **By: Michael F. Urbanski** |
| **Respondent.** | ) | **Senior United States District Judge** |

## MEMORANDUM OPINION

Petitioner Dominique Herman Adams is a state inmate proceeding pro se. In September 2016, Adams filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of certain disciplinary convictions he received at Wallens Ridge State Prison. On July 12, 2017, the court granted the respondent's motion to dismiss the petition, concluding that the claim set forth therein was "procedurally defaulted, time-barred, partially not cognizable on federal habeas review, and ultimately without merit." Mem. Op., ECF No. 33, at 1.

Adams has now filed a motion for relief under Federal Rule of Civil Procedure 60(b)(5) in which he makes new arguments challenging the validity of his disciplinary convictions. ECF No. 45. For the following reasons, the court concludes that the motion is properly construed as a successive petition under 28 U.S.C. § 2254. Because Adams has not obtained prefiling authorization from the United States Court of Appeals for the Fourth Circuit, the court **DISMISSES** the petition without prejudice.

### I.

A district court does not have jurisdiction to review a second or successive habeas petition under § 2254 unless the petitioner obtains prefiling authorization from the appropriate court of

appeals. See 28 U.S.C. § 2244(b)(3). When a petitioner files a motion under Rule 60(b), the court must determine whether the motion should be construed as a successive habeas petition. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (noting that "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application"). A Rule 60(b) motion is properly construed as a successive habeas petition if it "seeks to add a new ground for relief," "attacks the federal court's previous resolution of a claim on the merits," or presents "new evidence in support of a claim already litigated." Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005). On the other hand, "[a] Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez, 545 U.S. at 532); see also Winestock, 340 F.3d at 207 (explaining that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider").

Applying these principles, the court concludes that Adams's current motion is properly construed as a successive habeas petition. Although the motion is styled as a motion for relief under Rule 60(b)(5), the motion does not challenge "some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532. Instead, the motion advances new legal and factual arguments in support of Adams's contention that he was improperly convicted of "malicious wounding/caus[ing] bodily injuries to canines" and "aggravated assault upon a nonoffender." ECF No. 45 at 4. For instance, Adam cites to a state statute enacted in 2024 that generally requires correctional officers to provide a warning prior to deploying a canine. Id. (citing Va. Code § 53.1-39.3). Adams also argues that testimony provided in a related civil action

2

undermines the validity of his disciplinary convictions. Id. at 4–5. Because the motion raises "new ground[s] for relief," the motion is appropriately construed as a successive habeas petition. Gonzalez, 545 U.S. at 532; see also Winestock, 340 F.3d at 207 ("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.").

As previously noted, this court may not consider a successive habeas petition under § 2254 unless a petitioner receives prefiling authorization from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3). Adams has not submitted any evidence of having obtained prefiling authorization from the Fourth Circuit. Therefore, the court will summarily dismiss Adams's petition without prejudice.

## II.

For the reasons stated, Adams's motion under Rule 60(b)(5) is properly construed as a successive habeas petition. Because the record contains no indication that Adams has obtained the required prefiling authorization from the Fourth Circuit, the petition is **DISMISSED** without prejudice. An appropriate order will be entered.

Entered: June 16, 2026

Michael F. Urbanski
U.S. District Judge
2026.06.16 17:39:02
-04'00'

Michael F. Urbanski
Senior United States District Judge